Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 3, 2013, which, to the extent appealed from, denied defendant’s motion for partial summary judgment declaring that its royalty obligation to plaintiff is limited to sales of 78 rpm and 45 rpm single records in the United States, granted plaintiffs cross motion for summary judgment on its claim for breach of contract, and denied plaintiffs cross motion for summary judgment dismissing defendant’s counterclaim for attorney’s fees, unanimously reversed, on the law, without costs, defendant’s motion granted to the extent of dismissing the complaint, plaintiffs cross motion for summary judgment on its claim for breach of contract denied, and plaintiffs cross motion for summary judgment dismissing defendant’s counterclaim for attorney’s fees granted. The Clerk is directed to enter judgment accordingly.
Under the unambiguous 1957 agreement between the parties’ predecessors in interest, plaintiffs predecessor transferred all of its rights to certain sound recordings forever, without any limitation, including the right to release and exploit “records,” produced from the recordings, throughout the world. In exchange, defendant’s predecessor agreed to pay royalties for such exploitation, but only “[f]or 78rpm and 45rpm single records sold and paid for in the Continental United States.” Under those terms, defendant is not obligated to pay royalties for exploitation of the master recordings in any other format (see generally Greenfield v Philles Records, 98 NY2d 562 [2002]).
Plaintiffs agreement to provide indemnification to defendant for attorney’s fees for any claims against defendant resulting from the recording musicians’ services is not applicable in this breach of contract action. Concur — Mazzarelli, J.E, Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.